IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YERLIN JOSUE AGUILAR VILLAGRA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *in his official capacity as Attorney General of the United States*, et al.,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:26-CV-2539-RP |

**ORDER**

Before the Court is Petitioner Yerlin Josue Aguilar Villagra's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1) and Respondents'[1] response in opposition, (Dkt. 5).

In their response, Respondents contend that because Petitioner arrived at a port of entry in November of 2024 and applied for admission, he is an "arriving alien" who is ineligible for bond from an immigration judge. (Resp., Dkt. 5, at 1). Respondents further suggest that Petitioner's arrival at a port of entry should be considered in the Due Process analysis with respect to whether Petitioner is entitled to a bond hearing. (Resp., Dkt. 5, at 3-4). In the interest of fully and accurately assessing the claims in this case, the Court will order Petitioner to file a reply to Respondents' response. (Dkt. 5).

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 5, at 1 n.1).

**IT IS ORDERED** that Petitioner file a reply to Respondents' response, (Dkt. 5), **on or before September 29, 2026**. Such reply must specifically address (1) the circumstances following Petitioners inspection at the port of entry in Laredo, Texas, including what government action led to his release on his own recognizance, and (2) whether Petitioner's arrival at a port of entry changes the Due Process analysis with respect to whether he is entitled to a bond hearing, as well as any other arguments Petitioner wishes to raise in response to the Respondents' response.

**SIGNED** on September 22, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE